

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY  10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov

08  CV  7193

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

ZHONG WU LIN, as Administrator of the Estate,
Goods, Chattel and Credits of LI BIN ZHENG,
a/k/a BIN LI ZHENG, deceased, ZHONG WU LIN,
as the Father and Natural Guardian of J.L. and
J.Q.L., and ZHONG WU LIN, Individually,
                              Plaintiffs,

                    v.

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL
CENTER, NOAM SPINOWITZ, M.D., THOMAS
MALDONADO, M.D., ANDREW WALLACE,
M.D., ZHIGUANG P. ZHANG, M.D., USHA
KALAVA, M.D., ALFRED B. CHENG, M.D.,
CHEN JIANPING, M.D., DR.
RAMAKRISHMAN, M.D., JOHN DOES, M.D.,
1-10 (the names being fictitious but intended to
designate other and additional physicians, nurses,
nurses' aides, medical technicians and/or physician
assistants employed at BELLEVUE HOSPITIAL
CENTER), CHARLES B. WANG COMMUNITY
HEALTH CENTER, ZHIGUANG PETER
ZHANG, M.D. and JOHN DOES 11-20 (the names
being fictitious but intended to designate other and
additional physicians, nurses, nurses' aides, medical
technicians and/or physician assistants employed at
CHARLES B. WANG COMMUNITY HEALTH
CENTER),
                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. _____

New York County
Index No. 100734/08

**NOTICE OF REMOVAL BY
DEFENDANTS CHARLES B.
WANG COMMUNITY
HEALTH CENTER AND
ZHIGUANG P. ZHANG, M.D.**

RECEIVED
AUG 13 2008
U.S.D.C. S.D.N.Y.
CASHIERS

COPY

Defendants Charles B. Wang Community Health Center (the "Wang Center") and Zhiguang P. Zhang, M.D. ("Dr. Zhang") (collectively, the "Federal Defendants"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby remove the above-captioned action to the United States District Court for the Southern District of New York.

The grounds for removal are as follows:

1.     On or about January 16, 2008, plaintiff Zhong Wu Lin, individually, as the administrator of the estate of decedent Li Bin Zheng, a/k/a Bin Li Zheng, and as the father and natural guardian of J.L. and J.Q.L.,[1] filed a complaint in the above-captioned action against the Federal Defendants, the New York City Health and Hospitals Corporation, the Bellevue Hospital Center, Noam Spinowitz, M.D., Thomas Maldonado, M.D., Andrew Wallace, M.D., Usha Kalava, M.D., Alfred B. Cheng, M.D., Chen Jianping, M.D., Ramya Ramakrishnan, M.D., and several John Doe defendants, in the Supreme Court of the State of New York, County of New York, under Index Number 100734/2008.[2]  A true and correct copy of the summons and complaint is attached as Exhibit A.

2.     Effective June 23, 1996, the Department of Health and Human Services, Health Resources and Services Administration, Bureau of Primary Health Care, deemed the Wang Center, f/k/a Chinatown Action Progress (d/b/a Chinatown Health Clinic), and its employees and contractors who are physicians or other licensed or certified health care practitioners, including Dr. Zhang, to be employees of the United States Government pursuant to section 224 of the

---

[1]     The Government has withheld the full names of J.L. and J.Q.L. in accordance with Fed. R. Civ. P. 5.2(a)(3).

[2]     Dr. Zhang is named twice in the caption of the state court complaint ("Zhiguang P. Zhang, M.D." and "Zhiguang Peter Zhang, M.D."), and Dr. Ramakrishnan's last name is misspelled.  The full names of J.L and J.Q.L. have been withheld pursuant to

Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73. *See* 42 U.S.C. § 233(g)-(j), (m). This deemed status has continued uninterrupted since June 23, 1996.

3.     The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, provides the exclusive remedy with respect to plaintiff's claims against the Federal Defendants. *See* 42 U.S.C. § 233(a).

4.     This action may be removed to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against parties deemed to be employees of the United States Government for purposes of the FTCA. A true and correct copy of the Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated May 15, 2008, certifying that the Federal Defendants are employees of the United States for purpose of plaintiff's claims against them, is attached as Exhibit B.

Dated: New York, New York
         August 13, 2008

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the Federal Defendants

            By: _____
                            JOSEPH N. CORDARO
                            Assistant United States Attorney
                            86 Chambers Street, 3rd Floor
                            New York, NY 10007
                            Telephone: (212) 637-2745
                            Facsimile: (212) 637-2686
                            Email: joseph.cordaro@usdoj.gov

To:    Vincent L. Gonzalez, Esq.
Brecher Fishman Pasternack Popish Heller Walsh & Tilker, P.C.
233 Broadway, Suite 820
New York, New York 10279
*Counsel for Plaintiff*

New York City Health and Hospitals Corporation
Legal Claims Office
125 Worth Street, Room 527
New York, New York 10013

Bellevue Hospital Center
c/o New York City Health and Hospitals Corporation
Legal Claims Office
125 Worth Street, Room 527
New York, New York 10013

Noam Spinowtz, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013

Thomas Maldonado, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013

Andrew Wallace, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013

Usha Kalava, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013

Alfred B. Cheng, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013

Chen Jianping, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013

Ramya Ramakrishnan, M.D.
c/o New York City Health and Hospitals Corporation
125 Worth Street, Room 527
New York, New York 10013



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

ZHONG WU LIN, as Administrator of the Estate, Goods,
Chattel and Credits of LI BIN ZHENG a/k/a
BIN LI ZHENG, deceased, ZHONG WU LIN, as the
Father and Natural Guardian of ▓▓▓▓▓▓▓ and
▓▓▓▓▓▓ and ZHONG WU LIN,
Individually,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER,
NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D.
ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD,
USHA KALAVA, MD, ALFRED B. CHENG, MD,
CHEN, JIANPING, MD, DR. RAMAKRISHNAN, MD.,
JOHN DOES, MD 1-10, (the names being fictitious but
intended to designate other and additional physicians,
nurses, nurses' aides, medical technicians and/or
physician assistants employed at BELLEVUE HOSPITAL
CENTER), CHARLES B. WANG COMMUNITY HEALTH
CENTER, ZHIGUANG PETER ZHANG, MD and
JOHN DOES, 11-20, (the names being fictitious but
intended to designate other and additional physicians,
nurses, nurses' aides, medical technicians and/or
physician assistants employed at CHARLES B. WANG
COMMUNITY HEALTH CENTER)
------------------------------------------------------------------X

Index No.: **08100734**
Purchased & Filed: **1/16/08**

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

JAN 16 2008

NOT COMPARED
WITH COPY FILE

**TO THE ABOVE NAMED DEFENDANT(S)**

     You are hereby summoned to answer the complaint in this action, and to serve a copy of
your answer, or if the complaint is not served with this summons, to serve a notice of appearance
on the plaintiffs' attorney(s) within twenty days after the service of this summons exclusive of
the day of service, where service is made by delivery upon you personally within the state, or
within 30 days after completion of service where service is made in any other manner. In case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

     The basis of venue is the place of occurrences.

Dated: New York, New York
       January 16, 2008

Yours, etc.,
BRECHER FISHMAN PASTERNACK
HELLER WALSH & TILKER, P.C.
BY: *Vincent L. Gonzalez*
VINCENT L. GONZALEZ
233 Broadway, Suite 820, New York, NY 10279
(212) 341-7900

TO:

NEW YORK CITY HEALTH
AND HOSPITALS CORP.
346 Broadway
New York, New York

BELLVUE HOSPITAL CENTER
NOAM SPINOWITZ, MD
ZHIGUANG P ZHANG, MD,
USHA KALAVA, MD,
ALFRED CHENGE, MD,
CHEN, JIANPING, MD,
DR. RAMAKRISHMAN, MD.,
c/o NEW YORK CITY HEALTH
AND HOSPITALS CORP.
346 Broadway
New York, New York

CHARLES B. WANG COMMUNITY
HEALTH CENTER
268 Canal Street
New York, New York  10013

ZHIGUANG PETER ZHANG, MD
c/o CHARLES B. WANG COMMUNITY
HEALTH CENTER
268 Canal Street
New York, New York  10013

**REDACTED**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ZHONG WU LIN, as Administrator of the Estate, Goods,
Chattel and Credits of LI BIN ZHENG a/k/a
BIN LI ZHENG, deceased, ZHONG WU LIN, as the
Father and Natural Guardian of ▮▮▮▮▮ and
▮▮▮▮▮▮▮, and ZHONG WU LIN,
Individually,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER,
NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D.
ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD,
USHA KALAVA, MD, ALFRED B. CHENG, MD,
CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD.,
JOHN DOES, MD 1-10, (the names being fictitious but
intended to designate other and additional physicians,
nurses, nurses' aides, medical technicians and/or
physician assistants employed at BELLEVUE HOSPITAL
CENTER), CHARLES B. WANG COMMUNITY HEALTH
CENTER, ZHIGUANG PETER ZHANG, MD and
JOHN DOES, 11-20, (the names being fictitious but
intended to designate other and additional physicians,
nurses, nurses' aides, medical technicians and/or
physician assistants employed at CHARLES B. WANG
COMMUNITY HEALTH CENTER)

-----------------------------------------------------------------X

Index No.:
Purchased & Filed:

**VERIFIED COMPLAINT**

*Jury Trial Demanded*

NEW YORK
COUNTY CLERK'S OFFICE

JAN 1 6 2008

NOT COMPARED
WITH COPY FILE

Plaintiff by his/her attorneys, BRECHER FISHMAN PASTERNACK HELLER WALSH

& TILKER, P.C., alleges the following, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1.  At all of the times herein mentioned, plaintiff ZHONG WU LIN resides at 156-23 45th

Avenue, 1st Floor, Flushing, NY 11355.

2.  On or about January 26, 2007, ZHONG WU LIN , spouse of LI BIN ZHENG a/k/a BIN LI

ZHENG, deceased, was duly appointed Administrator of the Goods, Chattels, and Credits of

LI BIN ZHENG a/k/a BIN LI ZHENG, now deceased, by Order of the Hon. Robert L. Nahman, Surrogate, Queens County.

3. That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH & HOSPITALS CORP. was a public benefit corporation organized and existing pursuant to the Public Authorities Law and the laws of the State of New York and the City of New York.

4. That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH & HOSPITALS CORP. was a public benefit corporation organized to provide, in part, hospital, medical and health care services to the general public at a hospital facility known as BELLEVUE HOSPITAL CENTER located at 462 1st Avenue, New York, NY.

5. That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH & HOSPITALS CORP. owned a hospital facility known as BELLEVUE HOSPITAL CENTER located at 462 1st Avenue, NEW YORK, NY.

6. That at all times hereinafter mentioned, BELLEVUE HOSPITAL CENTER was under the ownership, control, operation and management of the defendant, NEW YORK CITY HEALTH & HOSPITALS CORP. and its officers, agents, servants and/or employees.

7. That on or about January 26, 2007, plaintiff ZHONG WU LIN, individually and as the legal representative of other plaintiffs and their decedent, through their counsel, duly served a Notice of Claim on the defendants NEW YORK CITY HEALTH & HOSPITALS CORP. and BELLEVUE HOSPITAL CENTER pursuant to the requirements of the Public Authorities Law and the General Municipal Law.

8. On June 11, 2007, a hearing was held pursuant to General Municipal law 50-h at the offices of McAloon & Friedman, PC.

9. That this action has been commenced within the applicable statute of limitations of one

(1) year and ninety (90) days.

10. The plaintiffs have complied with all of the conditions precedent presented to them for commencing an action against a public authority, public benefit corporation, and/or municipal corporation as required by the General Municipal Law and the Public Authorities Law.

11. That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH AND HOSPITALS COPORATION (Bellevue Hospital Center) held itself out to the public as a hospital in which members of the public, including plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, could receive care and treatment in a competent, safe manner and in accordance with standards of accepted medical practice.

12. At all times herein mentioned, defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER) were licensed as medical professionals by virtue of the laws of the State of New York.

13. At all times mentioned herein, defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER), held themselves out to the general public, and to the plaintiff in particular, to be qualified to supervise, administer and render medical services, diagnostic tests, diagnoses, prognoses and treatments.

14. On or about October 27, 2006, and prior to said date beginning on or about September 4, 2006, the date of admission of claimant herein at Bellevue Hospital Center, 462 First Avenue, New York, New York 10016, the defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER), individually and collectively, were careless and negligent in their care and treatment of the claimant, in that they deviated from good and accepted standards of medical and surgical practices and caused or permitted incompetent, unskillful and improper treatments of the claimant; they failed to properly prescribe indicated medications, diagnose, monitor and treat the decedent's hypertension and intracranial hemorrhage;, failed to perform proper dialysis, failed to recognize, assess and formulate a proper plan of treatments based on the signs and symptoms of hypertension and intracranial hemorrhage; failed and neglected to provide skillful, diligent and careful treatments for claimant in accordance with accepted standards of medical and surgical practices, procedures and techniques prevailing at the aforesaid time and place; failed to consult with skilled experts or seek other second opinions with respect to their chosen course of treatments; in negligently abandoning the patient; respondents failed to exercise the knowledge, skill and diligence which they should have exercised on claimant's his behalf thereby inflicting serious personal injuries to plaintiffs' decedent.

15. At all times heretofore mentioned, plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, was under the medical treatment, care and guidance of defendants NEW YORK CITY HEALTH & HOSPITALS CORP., BELLEVUE HOSPITAL CENTER, NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN,

MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER).

16. At all times mentioned herein, agents, servants and/or employees of defendant NEW YORK CITY HEALTH AND HOSPITALS COPORATION supervised, directed and controlled the primary medical diagnoses, care and treatments rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER.

17. At all times mentioned herein, defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER) supervised, directed and controlled the primary medical diagnoses, care and treatments rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER.

18. At all times mentioned herein, agents, servants and/or employees of defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (Bellevue Hospital Center), undertook to and did render medical care, treatment, services and advice to the plaintiff ILSKA LOPEZ, at the above mentioned medical facility.

19. At all times mentioned herein, defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL

CENTER) undertook to and did render medical care, treatment, services and advice to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER.

20. The medical diagnoses, care, opinions, recommendations and treatments rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER, by the agents, servants and/or employees of defendant NEW YORK CITY HEALTH HOSPITALS CORPORATION was performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

21. The medical diagnoses, care and treatment rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER., by defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER) were performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

22. At all the times hereinafter mentioned, defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, its agents, servants and/or employees were negligent in failing to use that degree of care and skill which is expected of reasonably competent medical doctors and professionals in the same or similar circumstances and such failures proximately caused a delay in treatments, a heightened probability of failure of treatments and a loss of treatment options.

23. At all the times hereinafter mentioned, defendants NOAM SPINOWITZ, MD, THOMAS

MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER) were negligent in failing to use that degree of care and skill which is expected of reasonably competent medical doctors and professionals in the same or similar circumstances and such failures proximately caused a delay in treatments, a heightened probability of failure of treatments and a loss of treatment options.

24. At all the times hereinafter mentioned, defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (Bellevue Hospital Center), their agents, servants and/or employees were negligent in failing to hire, employ, supervise, train medical personnel with the degree of skill, training and education which a provider in the same or similar circumstances would have hired, employed, supervised, trained in providing good and accepted medical services and practices to those making use of its services, and the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER.

25. At all the times hereinafter mentioned, defendants NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA, MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL CENTER) were negligent in failing to hire, employ, supervise, train medical personnel with the degree of skill, training and education which a provider in the same or similar circumstances would have hired, employed, supervised, trained in providing good and accepted medical

services and practices to those making use of its services, and the plaintiffs' decedent, LI BIN

ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER.

26. At all times hereinafter mentioned, defendant NEW YORK CITY HEALTH AND

HOSPITALS CORPORATION, their agents, servants and/or employees, failed to obtain the

informed consent of the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at

BELLEVUE HOSPITAL CENTER, regarding the risks, benefits and alternatives of the

prescribed diagnoses, treatments and/or lack of treatments.

27. At all times hereinafter mentioned, defendants NOAM SPINOWITZ, MD, THOMAS

MALDONADO, M.D., ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD, USHA KALAVA,

MD, ALFRED B. CHENG, MD, CHEN, JIANPING, MD, DR. RAMAKRISHMAN, MD., and JOHN

DOES #1-10 (the names being fictitious but intended to designate physicians, nurses, nurses'

aides, medical technicians and/or physician assistants employed at BELLEVUE HOSPITAL

CENTER) their agents, servants and/or employees, failed to obtain the informed consent of the

plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL

CENTER, regarding the risks, benefits and alternatives of the prescribed diagnoses, treatments

and/or lack of treatments.

28. At all of the times aforementioned, defendants, their agents, servants, employees and

licensees who rendered medical diagnosis care, treatment, services and advice to the plaintiffs'

decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL CENTER, failed to

adequately inform her or her representatives, and failed to warn them of the nature, purpose,

known perils, recognized hazards, risks and possible complications of the medical diagnosis,

treatment, services and advice rendered to the plaintiff; the defendants, their agents, servants,

employees and licensees failed to inform plaintiff regarding the outcome or possible

consequences of the medical diagnosis, treatments, services and advice which defendants

rendered; the defendants, their agents, servants, employees and licensees failed to inform

plaintiff or his representatives of any alternative methods of treatment; defendants, their agents,

servants, employees and licensees failed to obtain an informed consent by or on behalf of the

plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG at BELLEVUE HOSPITAL

CENTER.

29. A reasonable person in plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG's

position would have undergone necessary procedures and/or treatments or would have followed

recommendations necessary to a correct diagnosis if she had been fully informed and had been

given adequate opportunity to discuss said recommendations, and the lack of said informed

consent is a proximate cause of the injuries for which recovery is sought.

30. As a result of the foregoing, plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG

was adversely affect in her health, well being and future treatments, was caused to sustain severe

and permanent personal injuries, and was caused to suffer severe pain and mental anguish,

resulting in death, and was caused to expend and become obligated to expend sums of money for

medical services and related expenses, re, and has been damaged in a sum which exceeds the

jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reiterate paragraphs "1" through "30" above as if more fully set forth

at length herein.

32. That from January, 2006 through October, 2006, at all times hereinafter mentioned,

defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a domestic corporation

organized and existing pursuant to the laws of the State of New York.

33. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY

HEALTH CENTER was a foreign corporation organized and existing pursuant to the laws of the State of New York.

34. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a partnership organized and existing pursuant to the laws of the State of New York.

35. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a limited liability corporation organized and existing pursuant to the laws of the State of New York.

36. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a limited liability partnership organized and existing pursuant to the laws of the State of New York.

37. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a proprietorship organized and existing pursuant to the laws of the State of New York.

38. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was a not-for profit charitable organization organized and existing pursuant to the laws of the State of New York.

39. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER transacted business within the State and City of New York.

40. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER's principal place of business is located at 268 Canal Street, New York, New York.

41. That at all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER held itself out to the public as a medical facility in which members of the public, including plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, could receive care

and treatment in a competent, safe manner and in accordance with standards of accepted medical practice.

42. At all times herein mentioned, defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) were owners, principals, directors, officers, agents, servants and/or employees of the defendant CHARLES B. WANG COMMUNITY HEALTH CENTER..

43. At all times herein mentioned, defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) were licensed physicians and/or medical professionals under and by virtue of the laws of the State of New York.

44. At all times mentioned herein, defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) held themselves out to the general public, and to the plaintiffs' decedent, in particular, to be qualified to supervise, administer and render medical services, diagnostic tests, diagnoses, prognoses and treatments.

45. From January, 2006 through October, 2006, and prior thereto, the defendants defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH

CENTER) individually and collectively, were careless and negligent in their care and treatment of the claimant, in that they deviated from good and accepted standards of medical and surgical practices and caused or permitted incompetent, unskillful and improper treatments of the claimant; they failed to properly prescribe indicated medications, diagnose, monitor and treat the decedent's hypertension and intracranial hemorrhage; failed to perform proper dialysis, failed to recognize, assess and formulate a proper plan of treatments based on the signs and symptoms of hypertension and intracranial hemorrhage; failed and neglected to provide skillful, diligent and careful treatments for claimant in accordance with accepted standards of medical and surgical practices, procedures and techniques prevailing at the aforesaid time and place; failed to consult with skilled experts or seek other second opinions with respect to their chosen course of treatments; in negligently abandoning the patient; respondents failed to exercise the knowledge, skill and diligence which they should have exercised on claimant's his behalf thereby inflicting serious personal injuries to plaintiffs' decedent.

46. At all times heretofore mentioned, plaintiffs' decedent,  LI BIN ZHENG a/k/a BIN LI ZHENG, was under the medical treatment, care and guidance of defendants CHARLES B. WANG COMMUNITY HEALTH CENTER, ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER).

47. At all times mentioned herein, agents, servants and/or employees of defendant CHARLES B. WANG COMMUNITY HEALTH CENTER supervised, directed and controlled the primary medical diagnoses, care and treatments rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG.

48. At all times mentioned herein, defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) supervised, directed and controlled the primary medical diagnoses, care and treatments rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG.

49. At all times mentioned herein, agents, servants and/or employees of defendant CHARLES B. WANG COMMUNITY HEALTH CENTER, undertook to and did render medical care, treatment, services and advice to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, at the above mentioned medical facility.

50. At all times mentioned herein, defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) undertook to and did render medical care, treatment, services and advice to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG.

51. The medical diagnoses, care, opinions, recommendations and treatments rendered to plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, by the agents, servants and/or employees of defendant CHARLES B. WANG COMMUNITY HEALTH CENTER was performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

52. The medical diagnoses, care and treatment rendered to plaintiffs' decedent, LI BIN

ZHENG a/k/a BIN LI ZHENG, by defendants ZHIGUANG PETER ZHANG, MD, and

JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional

physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at

CHARLES B. WANG COMMUNITY HEALTH CENTER) were performed negligently and

carelessly and was rendered in a manner which departed from the standard of good and accepted

medical practice then and there prevailing, and constituted medical malpractice.

53. At all the times hereinafter mentioned, defendant, CHARLES B. WANG COMMUNITY

HEALTH CENTER, by its agents, servants and/or employees were negligent in failing to use that

degree of care and skill which is expected of reasonably competent medical doctors and

professionals in the same or similar circumstances and such failures proximately caused a delay

in treatments, a heightened probability of failure of treatments and a loss of treatment options.

54. At all the times hereinafter mentioned, defendants ZHIGUANG PETER ZHANG, MD,

and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and

additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants

employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) were negligent in

failing to use that degree of care and skill which is expected of reasonably competent medical

doctors and professionals in the same or similar circumstances and such failures proximately

caused a delay in treatments, a heightened probability of failure of treatments and a loss of

treatment options.

55. At all the times hereinafter mentioned, defendant, CHARLES B. WANG COMMUNITY

HEALTH CENTER , their agents, servants and/or employees were negligent in failing to hire,

employ, supervise, train medical personnel with the degree of skill, training and education which

a provider in the same or similar circumstances would have hired, employed, supervised, trained

in providing good and accepted medical services and practices to those making use of its services, and the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG.

56. At all the times hereinafter mentioned, defendants defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) were negligent in failing to hire, employ, supervise, train medical personnel with the degree of skill, training and education which a provider in the same or similar circumstances would have hired, employed, supervised, trained in providing good and accepted medical services and practices to those making use of its services, and the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG.

57. At all times hereinafter mentioned, defendant CHARLES B. WANG COMMUNITY HEALTH CENTER, their agents, servants and/or employees, failed to obtain the informed consent of the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG,  regarding the risks, benefits and alternatives of the prescribed diagnoses, treatments and/or lack of treatments.

58. At all times hereinafter mentioned, defendants ZHIGUANG PETER ZHANG, MD, and JOHN DOES, 11-20, (the names being fictitious but intended to designate other and additional physicians, nurses, nurses' aides, medical technicians and/or physician assistants employed at CHARLES B. WANG COMMUNITY HEALTH CENTER) their agents, servants and/or employees, failed to obtain the informed consent of the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, regarding the risks, benefits and alternatives of the prescribed diagnoses, treatments and/or lack of treatments.

59. At all of the times aforementioned, defendants, their agents, servants, employees and

licensees who rendered medical diagnosis care, treatment, services and advice to the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG, failed to adequately inform her or her representatives, and failed to warn them of the nature, purpose, known perils, recognized hazards, risks and possible complications of the medical diagnosis, treatment, services and advice rendered to the plaintiff; the defendants, their agents, servants, employees and licensees failed to inform plaintiff regarding the outcome or possible consequences of the medical diagnosis, treatments, services and advice which defendants rendered; the defendants, their agents, servants, employees and licensees failed to inform plaintiff or his representatives of any alternative methods of treatment; defendants, their agents, servants, employees and licensees failed to obtain an informed consent by or on behalf of the plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG.

60. A reasonable person in plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG's position would have undergone necessary procedures and/or treatments or would have followed recommendations necessary to a correct diagnosis if she had been fully informed and had been given adequate opportunity to discuss said recommendations, and the lack of said informed consent is a proximate cause of the injuries for which recovery is sought.

61. As a result of the foregoing, plaintiffs' decedent, LI BIN ZHENG a/k/a BIN LI ZHENG was adversely affect in her health, well being and future treatments, was caused to sustain severe and permanent personal injuries, and was caused to suffer severe pain and mental anguish, resulting in death, and was caused to expend and become obligated to expend sums of money for medical services and related expenses, re, and has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

62. Plaintiffs repeat and reiterate paragraphs "1" through "60" above as if more fully set forth at length herein.

63. At all of the times herein mentioned, plaintiff ZHONG WU LIN was the lawfully wedded husband of plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG and as such was entitled to her services, society, support, advice, consortium, companionship, love, attention, friendship and affection.

64. As a result of all of the foregoing, plaintiff ZHONG WU LIN has been deprived of the consortium, companionship, love, attention, support, advice, friendship and affection of his wife, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG.

65. As a result of all of the foregoing, plaintiff ZHONG WU LIN has been deprived of the social, familial and/or marital services, society, support, duties, and obligations of his wife, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG.

66. By reason of the negligence, carelessness, recklessness, and medical malpractice of defendants herein, their agents, servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, consultations, care, treatments, studies, tests, procedures, surgery, services, or advice of, for, and to plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG on behalf of, jointly with, or under the supervision of all defendants herein, thereby causing the wrongful death of plaintiffs' decedent, plaintiff ZHONG WU LIN necessarily paid or became obligated to pay certain expenses, including funeral and burial expenses, and/or has suffered other economic losses.

67. As a result of all of the foregoing, plaintiff ZHONG WU LIN has been injured and

REDACTED

damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

68. Plaintiffs repeat and reiterate paragraphs "1" through "67" above as if more fully set forth at length herein.

69. At all of the times herein mentioned, plaintiff ZHONG WU LIN, was and is the Father and Natural Guardian of ███████ and ███████.

70. At all of the times herein mentioned, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG, was and is the Mother and Natural Guardian of ███████ and ███████.

71. As the direct and proximate result of the aforesaid injuries and death of their Mother,

72. LI BIN ZHENG a/k/a BIN LI ZHENG, ███████ and ███████ as a result of the negligence, carelessness, recklessness and malpractice of each defendant individually and collectively, causing the wrongful death of plaintiffs' decedent, have been deprived of the services, support, parental guidance, love, affection, friendship, companionship, nurturing, and solace of their Mother, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG.

73. As a result of all of the foregoing, the infant plaintiffs, ███████ and ███████, have been injured and damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR A FIFTH CAUSE OF ACTION

74. Plaintiffs repeat and reiterate paragraphs "1" through "73" above as if more fully set forth at length herein.

75. As a result of all of the foregoing, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG was caused to and did suffer and sustain severe and serious personal injuries.

76. As a result of all of the foregoing, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG was caused to and did suffer and sustain severe and serious conscious pain and suffering.

77. As a result of all of the foregoing, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG was caused to and did suffer and sustain severe and serious mental anguish.

78. As a result of all of the foregoing, plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG was caused to and did suffer and sustain severe and serious economic losses.

79. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG, were occasioned by reason of the negligence, carelessness, recklessness, or medical malpractice of defendants, their agents, servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, care, treatments, procedures, tests, studies, services, or advice of, for, and to plaintiffs' decedent LI BIN ZHENG a/k/a BIN LI ZHENG on behalf of or under the supervision of said defendants herein, and said injuries were in no way contributed to by plaintiffs.

80. Plaintiffs repeat and reiterate paragraphs "1" through "79" above as if more fully set forth at length herein.

81. Pursuant to CPLR §1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiffs' non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that defendants owed the plaintiffs a non-delegable duty of care.

82. Pursuant to CPLR §1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiffs' non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that each of the answering defendants is vicariously liable for the negligent acts and omissions of their agents, servants, or employee, which persons or entities may be one or more of the co-defendants to this action.

83. Pursuant to CPLR §1602(5), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR §1601, by reason of the fact that defendants' wrongful conduct was intentional.

84. Pursuant to CPLR §1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiffs' non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that defendants acted with reckless disregard to the safety of others.

85. Pursuant to CPLR §1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

REDACTED

86. WHEREFORE, plaintiffs ZHONG WU LIN, as Administrator of the Estate, Goods, Chattel and Credits of LI BIN ZHENG a/k/a BIN LI ZHENG, deceased, ZHONG WU LIN, as the Father and Natural Guardian of ███████ and ███████████ and ZHONG WU LIN, Individually, demand judgment against the defendants herein and each of them in an amount which exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction over this action on the First, Second, Third, Fourth and Fifth Causes of Action alleged herein, together with the interest, costs and disbursements of this action.

Dated: New York, New York
      January 16, 2008

Yours, etc.,

BRECHER FISHMAN PASTERNACK
POPISH HELLER WALSH & TILKER, P.C.

By: Vincent L. Gonzalez
Attorneys for Plaintiff
233 Broadway   Suite 820
New York, New York 10279

REDACTED

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ZHONG WU LIN, as Administrator of the Estate, Goods,
Chattel and Credits of LI BIN ZHENG a/k/a
BIN LI ZHENG, deceased, ZHONG WU LIN, as the
Father and Natural Guardian of ███████ and
███████ and ZHONG WU LIN,
Individually,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER,
NOAM SPINOWITZ, MD, THOMAS MALDONADO, M.D.
ANDREW WALLACE, M.D. ZHIGUANG P ZHANG, MD,
USHA KALAVA,  MD,  ALFRED B. CHENG, MD,
CHEN, JIANPING, MD, DR. RAMAKRISHNAN, MD.,
JOHN DOES, MD 1-10, (the names being fictitious but
intended to designate other and additional physicians,
nurses, nurses' aides, medical technicians and/or
physician assistants employed at BELLEVUE HOSPITAL
CENTER), CHARLES B. WANG COMMUNITY HEALTH
CENTER, ZHIGUANG PETER ZHANG, MD and
JOHN DOES, 11-20, (the names being fictitious but
intended to designate other and additional physicians,
nurses, nurses' aides, medical technicians and/or
physician assistants employed at CHARLES B. WANG
COMMUNITY HEALTH CENTER)

**VERIFIED COMPLAINT**

**BRECHER, FISHMAN, PASTERNACK,
HELLER, WALSH & TILKER, P.C.**
*Attorneys for Plaintiff(s)*
**233 Broadway, Suite 820
New York, NY 10279
(212) 341-7900**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ZHONG WU LIN, as Administrator of the Estate,
Goods, Chattel and Credits of LI BIN ZHENG,
a/k/a BIN LI ZHENG, deceased, ZHONG WU LIN,
as the Father and Natural Guardian of J.L. and
J.Q.L., and ZHONG WU LIN, Individually,
                    Plaintiffs,

          v.

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL
CENTER, NOAM SPINOWITZ, M.D., THOMAS
MALDONADO, M.D., ANDREW WALLACE,
M.D., ZHIGUANG P. ZHANG, M.D., USHA
KALAVA, M.D., ALFRED B. CHENG, M.D.,
CHEN JIANPING, M.D., DR.
RAMAKRISHMAN, M.D., JOHN DOES, M.D.,
1-10 (the names being fictitious but intended to
designate other and additional physicians, nurses,
nurses' aides, medical technicians and/or physician
assistants employed at BELLEVUE HOSPITAL
CENTER), CHARLES B. WANG COMMUNITY
HEALTH CENTER, ZHIGUANG PETER
ZHANG, M.D. and JOHN DOES 11-20 (the names
being fictitious but intended to designate other and
additional physicians, nurses, nurses' aides, medical
technicians and/or physician assistants employed at
CHARLES B. WANG COMMUNITY HEALTH
CENTER),
                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 Civ. _____


New York County
Index No. 100734/08


**CERTIFICATION**

I, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, pursuant to the provisions of section 224 of the Public Health Service Act, 42 U.S.C. § 233, and 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.4(a), hereby certify, on the information now available, that defendants Charles B. Wang Community Center, Inc., and Zhiguang Peter Zhang, M.D., were acting within the scope of their employment at the time they rendered medical care to decedent Li Bin Zheng, and that, pursuant to section 224(g) of the Public Health Service Act, 42 U.S.C. § 233(g), the Charles B. Wang Community Center, Inc., and Zhiguang Peter Zhang, M.D., are deemed to be employees of the United States under the Federal Tort Claims Act.

Dated: New York, New York
     May 15, 2008

MICHAEL J. GARCIA
United States Attorney
Southern District of New York