IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zhong Wu Lin, as Administrator of the Estate, Goods, Chattel and Credits of Lin Bin Zheng a/k/a Bin Lin Zheng, deceased, Zhong Wu Lin, as the father and natural guardian of Jing Lin and Jin Quan Lin, and Zhong Wu Lin, Individually,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>New York City Health and Hospitals Corporation, Bellevue Hospital Center, Noam Spinowitz, M.D., Thomas Maldonado, M.D., Andrew Wallace, M.D., Zhiguang P. Zhang, M.D., Usha Kalava, M.D., Alfred B. Cheng, M.D., Chen, Jianping, M.D., Dr. Ramakrishman, M.D., John Does, MD 1-10, Charles B. Wang Community Health Center, Inc., Zhiguang Peter Zhang, M.D., And John Does 11-20,<br><br>　　　　　Defendants. | Index No. |

DECLARATION OF
<u>MEREDITH TORRES</u>

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

-2-

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim was filed by Plaintiff Zhong Wu Lin, as Administrator for Li Bin Zheng and a representative of the Law Firm of Brecher Fishman Pasternack Heller Walsh & Tilker, P.C., relating to the medical care provided by the health center and Dr. Zhiguang Peter Zhang. As of this date, no determination has been issued on this claim.

4. I have also reviewed official agency records and determined that Charles B. Wang Community Health Center, Inc., f/k/a Chinatown Action for Progress was deemed eligible for Federal Tort Claims Act malpractice coverage effective June 23, 1996, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by an Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Charles B. Wang Community Health Center, Inc., are attached to this declaration as Exhibit 1.

5. Official agency records further indicate that Dr. Zhiguang Peter Zhang was an employee of Charles B. Wang Community Health Center, Inc., at all times relevant to the Plaintiffs' claim.

-3-

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this ___19th___ day of __August__, 2008.

_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

DEPARTMENT OF HEALTH & HUMAN SERVICES

Health Resources and Services Administration

NOV 6 2007

Bureau of Primary Health Care
Rockville MD 20857

Executive Director
Charles B. Wang Community Health Center, Inc.
UDS# 021390
268 Canal Street
New York, NY 10013

Reference: Malpractice Liability Coverage - Renewal Health Center Deeming Letter Coverage Effective January 1, 2008 through December 31, 2008

Dear Executive Director:

The Health Resources and Services Administration (HRSA) in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS, for the purposes of section 224, effective January 1, 2008. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full- and part-time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and, therefore, are not eligible for FTCA coverage.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

Page 2

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact the Office of Quality and Data at 301-594-0818.

Sincerely,

*Donald L. Weaver, M.D.*

James Macrae
Associate Administrator

Enclosure

DEPARTMENT OF HEALTH & HUMAN SERVICES

Health Resources and Services Administration

Bureau of Primary Health Care
Rockville MD 20857

DEC 18 2006

Jane T. Eng, Esq.
Executive Director
Charles B. Wang Community Health Center, Inc.
UDS # 021390
268 Canal Street
New York, NY 10013-4108

Reference:   Malpractice Liability Coverage – Renewal Health Center Deeming Letter
             Coverage Effective January 1, 2007 through December 31, 2007

Dear Ms. Eng:

    The Health Resources and Services Administration (HRSA) in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS, for the purposes of section 224, effective January 1, 2007. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

    The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full- and part-time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

    In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

    This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Page 2 – Jane T. Eng, Esq.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA Project Officer as listed on your notice of grant award.

Sincerely,

Donald L. Weaver, M.D.

James Macrae
Associate Administrator

Enclosure

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Resources and Services Administration

Bureau of Primary Health Care
Rockville MD 20857

DEC 19 2005

Jane T. Eng, Esq.
Executive Director
Charles B. Wang Community Health Center, Inc.
UDS # 021390
268 Canal Street
New York, NY 10013-4108

Reference: Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2006 through December 31, 2006

Dear Executive Director:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2006.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full and part time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

*A. Michelle Snyder* (signature)

A. Michelle Snyder
Associate Administrator

Enclosure

DEPARTMENT OF HEALTH & HUMAN SERVICES

Health Resources and Services Administration

Bureau of Primary Health Care
Rockville MD 20857


MAY 16 2005

Jane Eng, Executive Director
Charles B. Wang Community Health Center, Inc.
UDS # 021390
268 Canal Street
New York, NY 10013

Reference: Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2005 through December 31, 2005

Dear Ms. Eng:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), redeems the above named entity to be an employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2005.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full and part time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2 – Jane Eng, Executive Director

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://bphc.hrsa.gov/pinpals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

A. Michelle Snyder
Associate Administrator

Enclosure

DEPARTMENT OF HEALTH & HUMAN SERVICES Public Health Service
BUREAU OF PRIMARY HEALTH CARE

JAN - 9 2003

Health Resources and
Services Administration
Bethesda MD 20814

Jane T. Eng, Esq.
Executive Director
Charles B. Wang Community Health Center, Inc.
268 Canal Street
New York, New York 10013

Dear Ms. Eng:

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care, in accordance with section 224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73), deemed the Chinatown Action for Progress, in New York, New York, to be an employee of the Federal Government, effective June 23, 1996, for the purposes of malpractice liability protection under the Federal Tort Claims Act.

Although the above referenced entity has undergone a legal name change to the "Charles B. Wang Community Health Center, Inc.," the requirements and protection pursuant to section 224 remain in effect under the new corporate name.

If there are any questions, please contact CAPT. Martin J. Bree at (215) 861-4364.

Sincerely,

*Caroline Lewis for*

Sam S. Shekar, M.D., M.P.H.
Assistant Surgeon General and
Associate Administrator for Primary Health Care

*Exhibits—1*

**DEPARTMENT OF HEALTH & HUMAN SERVICES**  
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

June 24, 1996

Health Resources and
Services Administration
Bethesda MD 20814

Ms. Jane Eng
Executive Director
Chinatown Action Progress (dba Chinatown Health Clinic)
125 Walker Street
New York, New York 10013

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Gil Cardona, M.D., Regional FTCA Coordinator, HRSA Field Office, New York, New York at (212) 264-2771.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

JUL - 1 1996

CHINATOWN HEALTH CLINIC