UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

ZHONG WU LIN, as Administrator of the Estate, : 
Goods, Chattel and Credits of LI BIN ZHENG, : Electronically Filed
a/k/a BIN LI ZHENG, deceased, ZHONG WU :
LIN, as the Father and Natural Guardian of J.L. :
and J.Q.L., and ZHONG WU LIN, Individually, :
: 08 Civ. 7193 (BSJ)
Plaintiffs, : ECF Case
:
-against- :
:
NEW YORK CITY HEALTH AND HOSPITALS :
CORPORATION, *et al.*, :
:
Defendants. :

------------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO SUBSTITUTE THE UNITED STATES AS DEFENDANT
FOR DEFENDANTS CHARLES B. WANG COMMUNITY
HEALTH CENTER AND ZHIGUANG P. ZHANG, M.D.,
AND TO DISMISS THE CLAIMS AGAINST THE UNITED STATES**

                                                                                                  MICHAEL J. GARCIA
                                                                                                  United States Attorney for the
                                                                                                  Southern District of New York
                                                                                                  Attorney for the United States of America
                                                                                                  86 Chambers Street, Third Floor
                                                                                                  New York, New York 10007
                                                                                                  Telephone: (212) 637-2745
                                                                                                  Facsimile: (212) 637-2686
                                                                                                  E-mail: joseph.cordaro@usdoj.gov

      JOSEPH N. CORDARO
Assistant United States Attorney
        – Of Counsel –

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Plaintiff's Complaint and Administrative Claim. . . . . . . . . . . . . . . . . . . 2

    B.    The Wang Center and Dr. Zhang. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    THE UNITED STATES SHOULD BE SUBSTITUTED AS
        DEFENDANT FOR THE WANG CENTER AND DR. ZHANG. . . . . . 4

    II.    THE CLAIMS AGAINST THE UNITED STATES SHOULD BE
        DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER
        JURISDICTION OVER THEM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.    Plaintiff Bears the Burden of Proving Subject Matter
            Jurisdiction to Avoid Dismissal Under Rule 12(b)(1). . . . . . . . . 7

        B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's
            Claims Against the United States Because Plaintiff
            Commenced the State Court Action Before Exhausting
            Administrative Remedies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Adeleke v. United States,*
    355 F.3d 144 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Celestine v. Mount Vernon Neighborhood Health Ctr.,*
    403 F.3d 76 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

*Chayoon v. Chao,*
    355 F.3d 141 (2d Cir. 2004) (per curiam). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cuoco v. Moritsugu,*
    222 F.3d 99 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gonzalez v. Fallon,*
    No. 98 Civ. 3505 (MBM), 1998 WL 879692
    (S.D.N.Y. Dec 16, 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Johnson v. Smithsonian Inst.,*
    189 F.3d 180 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Luckett v. Bure,*
    290 F.3d 493 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Makarova v. United States,*
    201 F. 3d 110 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McHugh v. Univ. of Vt.,*
    966 F.2d 67 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McNeil v. United States,*
    508 U.S. 106 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Nin v. Liao,*
    No. 02 Civ. 8308 (JCF), 2003 WL 21018816
    (S.D.N.Y. May 5, 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Osborn v. Haley,*
    549 U.S. 225 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rivera v. United States,*
    928 F.2d 592 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Sparrow v. U.S. Postal Serv.,*
    825 F. Supp. 252 (E.D. Cal. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Tarafa v. B.O.P. MDC Brooklyn,*
    No. 07 Civ. 554 (DLI) (LB), 2007 WL 2120358
    (E.D.N.Y. July 23, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

**FEDERAL STATUTES**

28 U.S.C. § 2675(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 9, 10

28 U.S.C. § 2679(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

28 U.S.C. § 2679(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 6

28 U.S.C. § 2679(d)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 5

28 U.S.C. § 2679(d)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10

42 U.S.C. § 233(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

42 U.S.C. § 233(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

42 U.S.C. § 233(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

42 U.S.C. § 233(g)-(j), (m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Pub. L. No. 104-73, 109 Stat. 777.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

**STATE STATUTES**

N.Y. CPLR § 1602. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

**FEDERAL RULES**

Fed. R. Civ. P. 5.2(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

**FEDERAL REGULATIONS**

28 C.F.R. § 14.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 C.F.R. § 15.4(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

The United States of America (the "United States" or the "Government"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum in support of its motion to substitute the United States as defendant for the Charles B. Wang Community Health Center (the "Wang Center") and Zhiguang P. Zhang, M.D. ("Dr. Zhang"), and to dismiss the claims against the United States pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

On or about January 16, 2008, Plaintiff Zhong Wu Lin ("Plaintiff") commenced this medical malpractice action in the Supreme Court of the State of New York, County of New York, alleging negligent treatment of his wife, Li Bin Zheng ("Li"), leading to her death. Plaintiff named several health facilities and physicians as defendants. The U.S. Department of Health and Human Services ("HHS") has deemed one of the facilities — the Wang Center — and one of the physicians — Dr. Zhang — employees of the United States for the purposes of tort actions for money damages arising out of medical-related services.

On May 15, 2008, the United States Attorney certified that the Wang Center and Dr. Zhang were federal employees acting within the scope of their employment at the time of the alleged incidents giving rise to this action. On August 13, 2008, as provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2), and the Public Health Service Act, 42 U.S.C. § 233(c), this action was removed to this Court. Pursuant to the requirements of both the FTCA and the Public Health Service Act, the action now proceeds as a FTCA suit, and Plaintiff's claims against

the Wang Center and Dr. Zhang are deemed claims against the United States. Accordingly, the Court should substitute the United States as defendant for the Wang Center and Dr. Zhang, and dismiss Plaintiff's claims against the Wang Center and Dr. Zhang with prejudice.

Once the Court has substituted the United States as defendant, the Court should dismiss the claims against the United States because Plaintiff did not exhaust administrative remedies prior to bringing suit. The FTCA provides that administrative remedies must be exhausted *before* the assertion of claims against the United States. The exhaustion requirement is a condition of the Government's waiver of sovereign immunity under the FTCA and is strictly construed. Plaintiff did not file an administrative claim with HHS until February 13, 2008, nearly one month *after* he commenced this action in state court. Thus, regardless of whether the agency reaches a decision on the administrative claim while the litigation is pending — and regardless of whether the action started in state court or federal court — the Court lacks jurisdiction over Plaintiff's claims against the United States, and those claims should be dismissed.

## BACKGROUND

**A.     Plaintiff's Complaint and Administrative Claim**

On or about January 16, 2008, Plaintiff, individually, as the administrator of his wife Li's estate, and on behalf of his children J.L. and J.Q.L.,[1] commenced an

---

[1]     The Government has withheld the full names of minors J.L. and J.Q.L. pursuant to Fed. R. Civ. P. 5.2(a)(3).

action against the Wang Center and Dr. Zhang, as well as defendants New York City Health and Hospitals Corporation ("NYCHHC"), Bellevue Hospital Center ("Bellevue"), Noam Spinowitz, M.D., Thomas Maldonado, M.D., Andrew Wallace, M.D., Usha Kalava, M.D., Alfred B. Cheng, M.D., Chen Jianping, M.D., Ramya Ramakrishnan, M.D., and several "John Doe" defendants, in the Supreme Court of the State of New York, County of New York (the "State Court Action").[2] Plaintiff alleges that the Wang Center, Dr. Zhang and John Does #11-20 negligently treated Li for hypertension and cranial hemorrhaging from approximately January 2006 through October 2006, leading to severe injuries and her death. *See* Declaration of Joseph N. Cordaro, dated Aug. 20, 2008, Ex. A ¶¶ 45, 53-54, 61. Plaintiff further alleges that from approximately September 4, 2006, through October 27, 2006, defendants NYCHHC, Bellevue, Spinowitz, Maldonado, Wallace, Kalava, Cheng, Jianping, Ramakrishnan, Dr. Zhang, and John Does #1-10, negligently treated Li. *See id.* ¶¶ 14, 22-23.

Plaintiff asserts causes of action for Li's injuries, resulting in death; pain and suffering; and medical and related expenses. *See id.* ¶¶ 30, 61. Plaintiff also asserts an individual cause of action for wrongful death and economic loss arising out of Li's death, and a cause of action on behalf of his children J.L. and J.Q.L. for loss of parental support, nurturing, and guidance. *See id.* ¶¶ 66, 72. Plaintiff

---

[2] Dr. Zhang is named twice in the caption of this action ("Zhiguang P. Zhang, M.D." and "Zhiguang Peter Zhang, M.D."). Dr. Ramya Ramakrishnan's last name is misspelled in the caption.

finally asserts a "cause of action" alleging that all defendants are jointly and severally liable under N.Y. CPLR § 1602. *See* Cordaro Decl., Ex. A ¶¶ 81-85.

Approximately one month after filing the State Court Action, Plaintiff filed an administrative claim with HHS seeking $10,000,000 in connection with the medical care provided by the Wang Center and Dr. Zhang. *See* Declaration of Meredith Torres, dated Aug. 19, 2008, ¶ 3; Cordaro Decl., Ex. D. HHS received this administrative claim on February 13, 2008, *see* Cordaro Decl., Ex. D, and has not made a final determination on the claim, *see* Torres Decl. ¶ 3.

**B.    The Wang Center and Dr. Zhang**

Pursuant to the Public Health Service Act, 42 U.S.C. § 233(g)-(j), (m), as amended by sections 3 through 8 of the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, 777-81, HHS deemed the Wang Center and its employees, including Dr. Zhang, employees of the United States for purposes of tort actions seeking damages for injuries allegedly resulting from the provision of medical-related services, effective June 23, 1996. *See* Torres Decl. ¶¶ 4-5, Ex. 1. Dr. Zhang was an employee of the Wang Center at all times relevant to Plaintiff's complaint. *See id.* ¶ 5.

On May 15, 2008, United States Attorney Michael J. Garcia certified, pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679(d), and 28 C.F.R. § 15.4(a), that the Wang Center and Dr. Zhang were acting within the scope of their federal employment at the time of the alleged

incidents giving rise to this action. *See* Cordaro Decl., Ex. B. On August 13, 2008, this action was removed to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). *See id.*, Ex. C.

## ARGUMENT

**I.      THE UNITED STATES SHOULD BE SUBSTITUTED AS DEFENDANT FOR THE WANG CENTER AND DR. ZHANG**

The United States should be substituted as defendant with respect to the tort claims alleged against the Wang Center and Dr. Zhang. The Public Health Service Act provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes. *See* 42 U.S.C. § 233(g). The Secretary of HHS deems a community health center a Public Health Center after the center has qualified for certain federal assistance. *See id.* § 233(g)(1)(D)-(G). "In instances where a tort action is brought against a federally funded public health center [or its employee] . . . for conduct within the scope of its federal employment, the Attorney General (or . . . one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). "Upon certification, the action may then be removed to federal court. . . . Once such a case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as a FTCA suit." *Id.*; *see* 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c).

The United States replaces the named Public Health Service employees because the FTCA is "the exclusive remedy for specified actions against members of the Public Health Service." *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000); *see* 42 U.S.C. § 233(a) ("The remedy against the United States provided by [the FTCA] . . . shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.").[3]

HHS deemed the Wang Center and its employees to be Public Health Service employees for purposes of the Public Health Service Act and federal employees for the purposes of the FTCA, effective June 23, 1996. Torres Decl. ¶¶ 4-5. Pursuant to 42 U.S.C. § 233(c), 28 U.S.C. § 2679(d), and 28 C.F.R. § 15.4(a),[4] the United

---

[3] While the Public Health Service Act specifically applies to employees of the Public Health Service, the FTCA, which applies generally to all federal employees, similarly provides that a suit against the United States is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government officers and employees acting within the scope of their employment with absolute immunity from claims of common-law tort, *see Rivera v. United States,* 928 F.2d 592, 608-09 (2d Cir. 1991).

[4] Section 15.4(a) of Title 28 of the Code of Federal Regulations provides:

The United States Attorney for the district where the civil action or proceeding is brought … is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

28 C.F.R. § 15.4(a).

States Attorney has certified that the Wang Center and Dr. Zhang were acting within the scope of their employment as designated employees of the United States at the time of the incidents alleged in the Complaint. *See* Cordaro Decl., Ex. B. The United States Attorney's certification provides the "basis for the substitution of the United States as a defendant and for the resultant immunization of the federal employee." *McHugh v. Univ. of Vt.*, 966 F.2d 67, 72 (2d Cir. 1992), *abrogated on other grounds by Osborn v. Haley*, 549 U.S. 225 (2007); *see* 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment . . . the proceeding [shall be] deemed a tort action brought against the United States . . . ."). Plaintiff's claims against the Wang Center and Dr. Zhang therefore should be dismissed with prejudice, and the United States should be substituted as defendant.

## II.  THE CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THEM

Once the United States is substituted as defendant for the Wang Center and Dr. Zhang, this Court should dismiss the claims against the United States under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies prior to commencing suit.

### A.  Plaintiff Bears the Burden of Proving Subject Matter Jurisdiction to Avoid Dismissal Under Rule 12(b)(1)

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to

adjudicate it.'" *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* at 496-97.

### B. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Against the United States Because Plaintiff Commenced the State Court Action Before Exhausting Administrative Remedies

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a) (emphasis added). The claimant must "exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82; *see McNeil v. United States*, 508 U.S. 106, 112 (1993) (requiring strict "adherence to the straightforward statutory command"). The requirement is jurisdictional because "a motion invoking sovereign immunity [is one] to dismiss for lack of subject matter jurisdiction," *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004) (per curiam), and compliance with the FTCA's administrative exhaustion requirement is a condition of the Government's waiver of sovereign immunity, *Adeleke v. United States,* 355 F.3d 144, 153 (2d Cir. 2004). Thus, "[u]nless a plaintiff complies with that [exhaustion] requirement, a district

8

court lacks subject matter jurisdiction over a plaintiff's FTCA claim." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). This exhaustion requirement "extends to all suits, including those begun in state court." *Celestine*, 403 F.3d at 82; *see* 28 U.S.C. § 2679(d)(4) (action removed from state court upon substitution of the United States "shall proceed in the same manner as any action against the United States pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions").

     Plaintiff commenced the State Court Action on or about January 16, 2008. But he did not present his administrative claim until February 13, 2008, the day HHS received Plaintiff's Standard Form 95. *See* 28 C.F.R. § 14.2(a) (claim is deemed "presented" when "agency receives from claimant . . . an executed Standard Form 95 or other written notification of an incident . . . .").[5] With respect to Plaintiff's claims against the United States in his complaint, his failure to exhaust administrative remedies *before* asserting such claims deprives this Court of subject matter jurisdiction to hear them, even though the action began in state court and was removed to this Court. *See* 28 U.S.C. §§ 2675(a), 2679(d)(4).

     While "[t]he failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant *any time thereafter*, be

---

[5] Plaintiff's New York State Court complaint, even if forwarded to HHS, would not constitute presentation of an administrative claim for FTCA purposes. *See Nin v. Liao,* No. 02 Civ. 8308 (JCF), 2003 WL 21018816, at *4 (S.D.N.Y. May 5, 2003) (quoting *Gonzalez v. Fallon,* No. 98 Civ. 3505 (MBM), 1998 WL 879692, at *3 (S.D.N.Y. Dec. 16, 1998) ("The filing of a civil action, however, is not a substitute for the filing of a proper administrative claim.")).

9

deemed a final denial of the claim for purposes of [the FTCA]," 28 U.S.C. § 2675(a) (emphasis added), a plaintiff may not commence an action prior to filing an administrative claim in the hopes that the passage of six months without an agency decision will cure the jurisdictional defect. *See McNeil,* 508 U.S. at 112 ("The most natural reading of the [FTCA] indicates that Congress intended to require *complete* exhaustion of Executive remedies *before* invocation of the judicial process." (emphasis added)); *Gonzalez*, 1998 WL 879692, at *3 (noting that even if plaintiff had submitted administrative claim while action was pending, and agency failed to respond within six months, the Court would lack jurisdiction over complaint because satisfaction of FTCA exhaustion requirement "is an absolute prerequisite" to subject matter jurisdiction); *see also Tarafa v. B.O.P. MDC Brooklyn,* No. 07 Civ. 554 (DLI) (LB), 2007 WL 2120358, at *3 (E.D.N.Y. July 23, 2007) (similar holding). This rule applies whether the plaintiff commences the action in federal court or — as here — in state court. *See* 28 U.S.C. § 2679(d)(4); *Nin*, 2003 WL 21018816, at *4-5 (dismissing claims against the United States when plaintiff commenced action in state court and filed administrative claim with HHS over one year later).

Finally, even though six months have passed since Plaintiff submitted his administrative claim to HHS, the mere amendment of Plaintiff's complaint will not cure the Court's lack of jurisdiction over the claims against the United States. As one district court has noted, if a plaintiff were "permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the

10

exhaustion requirement would be rendered meaningless." *Sparrow v. U.S. Postal Serv.,* 825 F. Supp. 252, 255 (E.D. Cal. 1993).  Accordingly, the claims against the United States should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court: (i) substitute the United States as defendant in place of the Wang Center and Dr. Zhang, and, upon substitution, (ii) dismiss the claims against the Wang Center and Dr. Zhang with prejudice, and (iii) dismiss the claims against the United States for lack of subject matter jurisdiction.

Dated:  New York, New York
            August 20, 2008

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States

                       s/ Joseph N. Cordaro
            By:    JOSEPH N. CORDARO
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Telephone: (212) 637-2745
                    Facsimile:  (212) 637-2686
                    Email: joseph.cordaro@usdoj.gov